Filed 6/14/23  P. v. Arredondo CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALFRED ARREDONDO,<br><br>Defendant and Appellant. | B320115<br><br>(Los Angeles County Super. Ct. No. KA061196) |

APPEAL from an order of the Superior Court of Los Angeles County, Rob B. Villeza, Judge.  Affirmed.

Victor J. Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Following a jury trial in 2004, defendant Alfred Arredondo (defendant) was convicted of one count of first degree murder, one count of inflicting corporal injury on a spouse or cohabitant, and one count of assault with a deadly weapon. The jury found true allegations that defendant (1) personally used a deadly or dangerous weapon in connection with the murder and corporal injury convictions and (2) inflicted great bodily harm under circumstances involving domestic violence in connection with the corporal injury and assault counts. Defendant was sentenced to a term of 25 years to life in state prison for the murder, doubled to 50 years pursuant to the Three Strikes law, plus a determinate term of six years attributable to the sentencing enhancements. This court affirmed the judgment on direct appeal. (*People v. Arredondo* (Apr. 14, 2005, B175117) [nonpub. opn.] (*Arredondo I*).)

Many years later, defendant petitioned for resentencing under Penal Code[1] section 1172.6 (former section 1170.95). After appointing counsel for defendant, the trial court held a hearing and denied defendant's petition based on his failure to make a prima facie case for relief. (§ 1172.6, subd. (c).) The trial court found the jury had not been instructed on felony murder or the natural and probable consequences doctrine and both the transcript of defendant's preliminary hearing and the opinion in *Arredondo I* established defendant was the murder victim's actual killer.

Defendant appealed, and this court appointed counsel to represent him. After examining the record, counsel filed an

[1]      Undesignated statutory references that follow are to the Penal Code.

2

opening brief raising no issues and asking that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).[2] We invited defendant to submit a supplemental brief, and he has, arguing: (1) the section 1172.6 court "erred when it engaged in factfinding and determined defendant was a major participant who acted with reckless indifference to human life" without first issuing an order to show cause, (2) defendant's trial attorney was constitutionally ineffective, (3) defendant's due process rights were violated because the prosecution withheld evidence at trial, and (4) defendant did not form the specific intent to kill because he was intoxicated.

Although we have discretion to undertake an independent review of the entire record, we limit our review to the issues raised in defendant's supplemental brief. (*Delgadillo, supra*, 14 Cal.5th at 232 [where the defendant's attorney finds no arguable issues in an appeal from the denial of a section 1172.6 petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but it is "wholly within the court's discretion" whether to conduct an independent review of the entire record].)

Most of the arguments raised in defendant's supplemental brief do not address his eligibility for resentencing under section

[2]     Defendant's attorney also filed a request that we take judicial notice of portions of the record in *Arredondo I* that were not included in the record on appeal in this case. The request for judicial notice is denied. The record we have—including the jury instructions given at defendant's trial—is sufficient to permit review of the claims defendant raises in his supplemental brief.

1172.6. Purported ineffective assistance of counsel, asserted due process violations, and claimed intoxication do not bear on whether defendant could "presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) We accordingly disregard those arguments in this appeal from the trial court's post-judgment order denying defendant's section 1172.6 petition. (See, e.g., *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)

The only argument defendant makes that is cognizable in this appeal is the contention that the trial court engaged in improper fact-finding in resolving his section 1172.6 petition. That argument is meritless. The trial court properly considered the instructions given to the trial jury (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055 (*Soto*)) and the absence of instructions on felony murder or the natural and probable consequence doctrine render defendant ineligible for relief (*People v. Cortes* (2022) 75 Cal.App.5th 198, 205; *People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"]; see also *Soto*, *supra*, at 1059 ["natural consequences" language in instruction for second degree murder did not transform the defendant's conviction into one for murder under the natural and probable consequences doctrine"]).

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.

5